Filed 7/1/25  P. v. Mata CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064144 |
| v. | (Super. Ct. No. 98WF2276) |
| JUAN MANUEL MATA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge. Affirmed.

So'Hum Law Center of Richard Jay Moller and Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Juan Manuel Mata appeals the denial of his petition for resentencing under Penal Code[1] section 1172.6. His court-appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth the facts of the case, advising he found no viable issues, and asking this court to conduct an independent review. Mata was given an opportunity to file a supplemental brief but did not do so. Exercising our discretion under *Delgadillo*, we have examined the record and find no arguable issues. We therefore affirm.

FACTS

Mata and his brother worked at Slauson Foods with Ismael Galvan, who owned a Pontiac Trans Am. One Saturday evening in 1998, Galvan was found dead behind a building, severely beaten and strangled by a ligature. His pockets were turned out, and he only had 25 cents on him.

When police arrested Mata, he explained that he and his brother had assaulted Galvan while he was cleaning his car. Although Mata denied strangling Galvan, he admitted that he hit Galvin many times and put a bag over his head. Mata and his brother then put Galvin in the car and dumped him.

A jury convicted Mata of first degree murder and also found true a special circumstance allegation that the murder occurred during the commission of a carjacking. The trial court sentenced him to life without the possibility of parole. We affirmed the judgment. (*People v. Mata* (June 10, 2002, G027682) [nonpub. opn.].)

In 2022, Mata filed a petition for resentencing under section 1170.95 (later renumbered section 1172.6), asserting he could not presently

_____

[1] All statutory references are to the Penal Code.

be convicted of murder under sections 188 and 189, which were amended in 2019 to limit the scope of the traditional felony-murder rule and eliminate the natural and probable consequences theory of murder. After appointing counsel, the trial court found Mata had made a prima facie showing, issued an order to show cause why relief should not be granted, and ordered the People to lodge the trial transcripts with the court.

After reviewing the preliminary hearing and trial transcripts, conducting an independent assessment of the evidence, and hearing argument from counsel, the trial court found the People had proved beyond a reasonable doubt that Mata would be guilty of murder under current law, and it denied Mata's petition for resentencing. In support, the court cited the evidence that Mata had deliberately put the bag over the victim's head so he could steal the Trans Am and thus was the actual killer; it also found Mata was a major participant in carjacking who acted with reckless indifference to human life.

Mata filed a notice of appeal, and this court appointed counsel to represent him. Appellate counsel filed a brief advising he found no arguable issues and asked us to follow the procedures set forth in *Delgadillo, supra*, 14 Cal.5th 216.

DISCUSSION

Effective January 1, 2019, the Legislature amended the Penal Code to limit the scope of the felony-murder rule and eliminate natural and probable consequences liability for murder as it applies to aiding and abetting. (§§ 188, subd. (a)(3), 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2–3.) As amended, section 189 now provides that murder "committed in the perpetration of . . . carjacking . . . is murder of the first degree," and a participant in the perpetration of carjacking in which a death occurs is liable

3

for murder if he was "the actual killer" or "a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subds. (a), (e).)

Individuals who were convicted under the former laws on murder may seek resentencing or to have their convictions vacated if their conduct did not constitute murder as redefined under current law. (§ 1172.6, subd. (a).) If a petitioner makes a prima facie case for relief, the trial court must issue an order to show cause and hold a hearing on whether to vacate the conviction and resentence the petitioner. (*Id.*, subds. (c) & (d).)

In this case, the trial court denied Mata's resentencing petition because Mata could be convicted under multiple theories of murder that are still valid under current law. After reviewing the record, we agree. Because Mata was both the actual killer and a major participant in carjacking who acted with reckless indifference to human life, he is not entitled to resentencing.

Further, in exercising our discretion under *Delgadillo* to review the entire record in this case, we have found no arguable appellate issues.

## DISPOSITION

The postjudgment order denying Mata's petition for resentencing is affirmed.


                                    SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


MOTOIKE, J.